Troy D. ROBERTS, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 911.

United States District Court
D. Alabama,
Jasper Division.

Feb. 3, 1960.

Mayfield & Harris and Henry J. Mayfield, Tuscaloosa, Ala., for plaintiff.

W. L. Longshore, U. S. Atty., and John P. Maxwell, Asst. U. S. Atty., Birmingham, Ala., for defendant.

GROOMS, District Judge.

Plaintiff brought this action to review an adverse final decision of the Secretary of Health, Education and Welfare, Social Security Administration. The plaintiff sought an administrative determination that he was entitled to a "period of disability" and disability benefits. The Referee denied the relief sought.

The burden of proving disability was upon the plaintiff. The administrative findings of fact are conclusive if supported by substantial evidence. Plaintiff's burden is to establish that he suffers from a medically determinable physical or mental impairment which may be expected to result in death or to be of long continued and indefinite duration, and that he is unable to engage in any substantial gainful activity by reason of such impairment. Plaintiff last met the earning requirements of the statute in June, 1956. As of that date he must satisfy the requirements of the law for disability and insurance benefits or disability freeze. The fact that the plaintiff satisfies the requirements at some date subsequent to June, 1956, does not suffice. The impairment must have had its inception during the period when he met the earning requirements.

The plaintiff went to school up to the eighth grade. He is a carpenter by trade. He feels very strongly that he is not able to do any work. In 1953 he had a subtotal resection of the stomach. Since that time he has lost weight and has a poor appetite and very little energy. He has a small garden and raises a few chickens for home use.

Beginning in April, 1955, and for a period of about three months, plaintiff worked for Pontiac Motors in Pontiac, Michigan, on the production line. He claims that he had to reach up and put bolts in the bodies as the cars came along the line. He states he had to stretch upward to put the bolts in place, that this operation pulled his stomach so that it was sore all the time, and he had to quit his job. He also states that he tried to do some construction work in June, 1956, but that after about three weeks he fell out and had to quit.

Plaintiff's claim for disability was filed October 16, 1956. The Claims Representative made contact with him on that date and reported "This applicant is of normal size and has no noticable signs of disability. He walks, talks and signs name with ease."

Dr. James H. Thomas examined plaintiff on November 16, 1956. He recorded his previous medical record and reported that his condition was static, and that the fistula and hemorrhoids could be corrected by surgery. He also found some stiffness in his lumbar spine.

On January 29, 1957, Dr. A. L. Blakney, following examination, reported that he found claimant with swelling of the joints and very weak; that he had improved after taking treatment but there was not much hope of further improvement. He found that he had shortness of breath at rest and acute respiratory attacks. Previously and on December 6, 1956, Dr. Blakney had certified as follows: "This is to certify that Mr. Troy Roberts is physically unable to work and make his support. I feel that he should have some assistance from the State." On June 29, 1957, Dr. Blakney found that claimant had arthritis and low blood pressure; that he was slightly improved, but that his condition was static and not much improvement could be expected; that he was suffering from acute respiratory attacks. On November 6, 1957, Dr. Blakney further reported that claimant had become unable to work in the latter part of 1955, and that he had swelling of his joints; that he was not much improved and that he was at that time unable to work; that he had acute respiratory attacks, with shortness of breath on slight exertion, but no emphysema.

On November 7, 1957, Dr. P. B. Mayfield reported that claimant had pain, swelling, stiff joints, stomach pains, and

intolerance to food. His diagnosis was gastric resection, three gastrectomy operations, chronic myocardial disease. He prescribed diet, rest, digitalis, salicylates, and cortisone. He found marked cardiac limitation, with shortness of breath on slight exertion, but no acute respiratory attacks. He also found that claimant had periodical attacks of inflammatory arthritis—rheumatoid arthritis. He reports that claimant never feels well enough to work. On October 29, 1958, Dr. Mayfield certified as follows:

"Troy D. Roberts is under my observation and care. He has a very troublesome case of emphysema, stomach distress and intolerance for food, inability to sleep. Very nervous and unstable. Too easy fatigue. In my opinion Mr. Roberts is totally and permanently disabled."

On February 24, 1958, Dr. John F. Burnham made a report of his examination of claimant at that time. In his report he states as follows:

"Impression: (1) Pulmonary emphysema with moderate exertional dyspnea without any cardiac involvement. (2) History of resection of stomach for doudenal ulcer with loss of weight and appetite as noted in history. (3) Old osteomyelitis, right lower extremity."

After giving his impressions, he stated that

"I am certain that this patient would be unable to work a full day as a carpenter. He could do something requiring only moderate exertion and is limited primarily because of his emphysema. This is complicated by his failure to gain weight after his stomach operation. He might be able to work part time in some supervisory capacity as a carpenter but obviously will have difficulty obtaining such a position."

The Court has carefully reviewed the file and the various medical reports, and is unable to say that the findings of fact are unsupported by substantial evidence. Accordingly, the defendant's motion for summary judgment be and the same is hereby granted, and this action be and the same is hereby dismissed.