**Charley NEWSOM**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare.**

**Civ. A. No. 1024.**

United States District Court
S. D. West Virginia,
at Huntington.

Sept. 13, 1960.

Nye King, Huntington, W. Va., for plaintiff.

Duncan W. Daugherty, U. S. Atty., Huntington, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

This is an action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education, and Welfare. Plaintiff seeks to establish a period of disability under Section 216(i) of the Social Security Act, as amended, 42 U.S.C.A. § 416(i). It is his contention that the disability began in June of 1951. His specially insured status, as defined in Section 216(i) ended as of March 31, 1953, this being the last date on which plaintiff met the earning requirements of the law. To obtain the disability insurance benefits provided for by Section 223 of the Social Security Act, as amended, 42 U.S.C.A. § 423, plaintiff must show that a period of disability existed between the above-mentioned

dates. He must also show that such disability continued, without interruption, up until June 6, 1957, the date of filing his application.

Plaintiff filed his application to establish a period of disability beginning in June of 1951 with the Bureau of Old-Age and Survivors Insurance of the Social Security Administration. The Bureau disallowed the application on the ground that the claimant's impairments were not of sufficient severity to prevent him from engaging in any substantial activity, as required by statute. At applicant's request, the Bureau reconsidered the claimant's application, affirmed the disallowance, and so notified claimant. The claimant disagreed with the Bureau's determination, and filed a request for a hearing before a Hearing Examiner of the Social Security Administration. The hearing was held in Charleston, West Virginia, at which time plaintiff testified and submitted additional evidence. Claimant again appealed the adverse finding of the Examiner to the Appeals Council. This body reaffirmed the finding against plaintiff. This became the final decision of the Secretary pursuant to the provisions of Section 205 of the Social Security Act, as amended, 42 U.S.C.A. § 405. It is this decision which this court is called upon to review.

█ Under the statute, this court is precluded from holding a hearing de novo. Jurisdiction is limited to a determination as to whether the findings of the Secretary are based on "substantial evidence". This matter has previously been thoroughly discussed by this court in Carpenter v. Flemming, D.C.N.D.W. Va.1959, 178 F.Supp. 791.

To come under the definition of disability as set out in Section 216(i), as amended, 42 U.S.C.A. § 416, plaintiff must show that he was unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration, * * *."

A thorough discussion and complete collection of cases concerning the elements of the statutory disability are contained in Pruitt v. Flemming, D.C.S.D. W.Va.1960, 182 F.Supp. 159, and it is not thought necessary to repeat either the discussion or the authorities.

In his application to establish a period of disability, plaintiff stated that he became unable to work in June of 1951 because of a hearing impairment, a stiff left hand, and a "ruptured" right knee. His application shows that his work ended when the mine in which he was working shut down.

The record establishes, and the examiner so noted, that the plaintiff's principal physical impairment is loss of hearing. Yet, aside from an undated audiogram showing a combined hearing loss of 49.3 per cent, there is no evidence in the record to show deafness during the critical period of 1951 to 1953. Thus, any thoughts as to the deafness of plaintiff during that period must be based almost entirely upon evidence occurring after October of 1955, this being the date of the earliest exhibit dealing with deafness, other than the above-mentioned audiogram. As to the other ailments of plaintiff, the various examining physicians do not agree. On September 30, 1957, a doctor's report was concluded which ended thus: "As far as we could determine this patient is perfectly able to carry on any type of work."

█ The record shows that there is substantial evidence to support the findings of the Secretary that plaintiff did not have an impairment, or combination of impairments, at a time when he met the earning requirements of the law and continuing without interruption to the time he filed his application, so severe as to render him, within the meaning of the law, incapable of engaging in any substantial gainful activity.

The Secretary also considered the possibility of establishing disability for the plaintiff within the Amendments to the Social Security Act in 1958, which liberalized the earnings requirements, but found that plaintiff was not under a

disability, within the meaning of the law, or at any time prior to June 30, 1956, the date on which he last met the earning requirements of the law as amended in 1958. There is also substantial evidence in the record to support such finding.

This opinion is adopted as the findings of fact and conclusions of law of this court. Counsel for defendant may prepare an order according to the views expressed herein.