James Earl NAPIER, Plaintiff,

v.

Abraham RIBICOFF, Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 1001.

United States District Court
S. D. West Virginia,
at Huntington.

Nov. 8, 1961.

Robert K. Means, Darnall & Means, Huntington, W. Va., for plaintiff.

Duncan W. Daugherty, U. S. Atty., Ned O. Heinish, Asst. U. S. Atty., Huntington, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

This is an action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. Plaintiff seeks to establish a period of disability under Section 216(i) of the Social Security Act, as amended, 42 U.S.C.A. § 416(i), and a right to disability insurance benefits under 42 U.S.C.A. § 423.

Under 42 U.S.C.A. § 405(g), this court is precluded from holding a hearing de novo. Jurisdiction is limited to a determination as to whether the findings of the Secretary are based on "substantial evidence." This matter has previously been thoroughly discussed by this court in Carpenter v. Flemming, N.D.W.Va., 178 F.Supp. 791.

The Act, 42 U.S.C.A. § 416(i), provides for eliminating from a person's earning record the period during which he was under a "disability" in computing his average monthly wage upon which the amount of his benefit is based. A thorough discussion and complete collection of cases concerning the elements of the statutory disability are contained in Pruitt v. Flemming, S.D.W.Va., 182 F. Supp. 159, and it is not thought necessary to repeat either the discussion or the authorities. For an individual to be eligible for the establishment of a period of

disability and for disability insurance benefits, the Act requires him (besides being under a "disability" as defined) to have met the special "insured status" contained therein. The earning requirements necessary for plaintiff to obtain this insured status were last met by him on March 31, 1950.

Plaintiff filed applications to establish a period of disability and for disability insurance benefits on July 9, 1957. In his applications he alleged that he became unable to work on November 3, 1948 (at age 41) due to arthritis, asthma, sinus trouble and rupture. The applications were denied initially and on reconsideration by the Bureau of Old-Age and Survivors Insurance, after the West Virginia Vocational Rehabilitation Agency, Disability Determination Section, upon evaluation of all the evidence by a physician and a counselor, had found that plaintiff was not under a disability. Plaintiff then requested a hearing, but subsequently waived his right to appear before the referee. The referee (now called hearing examiner) considered the case de novo on the basis of the documents admitted in evidence, and also found that plaintiff was not under a disability. The plaintiff requested a review by the Appeals Council of the Social Security Administration, but the Appeals Council declined to review the referee's decision. Thereafter, plaintiff brought action in this court requesting judicial review. On motion of the plaintiff, the court remanded the case for further administrative action and the securing of additional evidence. Upon receipt of such additional evidence the Appeals Council rendered a decision affirming the referee. Thus, the decision of the Appeals Council became the final decision of the Secretary of Health, Education, and Welfare.

■ The issue in this case is whether there is substantial evidence in the record to support the Secretary's decision that the plaintiff, having the burden of proof, failed to establish his right to a period of disability and disability benefits.

■ The earnings record shows the plaintiff's last earning credits in 1949. He last met the special insured status requirements on March 31, 1950, and his impairments up to that date only may be considered here. There is no objective medical evidence prior to May, 1952 (at which time plaintiff was hospitalized for pneumonia) and there is no indication that plaintiff received any medical care prior to that time, or more than two years after the special insured status requirements were last met. Further, his employer's records indicate that there was no physical abnormality during plaintiff's last period of employment, and he terminated his employment of his own accord in November of 1948.

On remand, plaintiff offered medical evidence as to his physical condition in November, 1948. This consists of statements by a doctor in connection with plaintiff's application for assistance from a union welfare fund. These statements listed plaintiff's principal disabling condition as arthritis and mentioned the presence of bronchial asthma and hernia. Another statement, in February, 1949, listed arthritis of the spine, shoulders, and hands as the principal disabling condition, and stated that there were no other complicating conditions. Both of these reports lacked any clinical findings. X-rays were not taken. In short, the objective evidence of plaintiff's physical condition at the time he quit his last job is meager. And this is the only evidence of alleged disability available prior to March 31, 1950, when his insured status expired. Indeed, subsequent medical reports minimize the presence or effects of arthritis and furnish substantial evidence that it never became disabling. They also show that plaintiff's hernia never became a significant factor.

The medical evidence relating to plaintiff's condition shows that he was not under a disability, as defined in the Act, at the time he quit work in 1948 and that he was not under a disability at the time his insured status expired on March 31, 1950. The evidence strongly indicates that, since 1952, when plaintiff first

sought and received medical treatment for his alleged impairments, his condition may have grown worse; however, evidence that plaintiff's condition may have become worse, or even disabling, after March 31, 1950, does not bring him within the coverage of the Act. Carpenter v. Flemming, supra; Newsom v. Flemming, S.D.W.Va., 186 F.Supp. 771.

The evidence is clearly substantial that plaintiff did not have impairments that prevented him from engaging in substantial gainful activity up to the time he last met the special insured status requirements. The decision of the Secretary, being based on substantial evidence, is, therefore, affirmed.