Mrs. Mary H. WATSON, Plaintiff,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.
Civ. A. No. 1664.

United States District Court
N. D. Georgia,
Rome Division.

Oct. 28, 1965.

838

Harold L. Murphy of Howe & Murphy, Tallapoosa, Ga., for plaintiff.

Charles L. Goodson, U. S. Atty., by Claton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for defendant.

SIDNEY O. SMITH, Jr., District Judge.

This is an action brought pursuant to the Social Security Act, 42 U.S.C.A. § 405(g) to review a final decision of the Secretary of Health, Education and Welfare that the claimant is not entitled to disability insurance benefits under 42 U.S.C.A. § 416(i) and 423(a). Both parties have moved for summary judgment.

The evidence shows that the claimant, Mrs. Watson, was found to be eligible for disability benefits as of October 12, 1961, due to a heart condition. In July, 1963, the Division of Disability Operations of the Social Security Administration determined she was no longer disabled, which determination was upheld upon reconsideration on December 12, 1963, upheld by a hearing examiner who considered the case de novo on May 28, 1964, and upheld by the Appeals Counsel on January 15, 1965, after a review of the entire record.

The present basis for appeal by the claimant is not that the finding of fact by the Secretary is not supported by substantial evidence, as required by 42 U.S.C.A. § 405(g). Claimant's brief states:

"Clearly the record in this case shows a dispute between experts as to claimant's continuing disability which differing opinions certainly are sufficient to support the decision of the Secretary in the requirement that his decision be supported by substantial evidence. * * *"

With this the Court will agree. At each stage in this case, the Social Security Administration had additional, independent examinations of the claimant made by specialists, and the testimony of each of these, Dr. W. T. Harbin, Jr. (Transcript, pp. 129–132), Dr. W. B. Hudgins (Transcript, pp. 133–139), Dr. P. H. Livingston (Transcript, pp. 156–158), and Dr. W. S. Dunbar (Transcript, pp. 159–164), supports the finding that the claimant is no longer disabled. It would, therefore, be error for this Court to grant plaintiff's motion for summary judgment on a question of fact. Celebrezze v. Townsend (5th Cir., 1964), 327 F.2d 640; Celebrezze v. O'Brient (5th Cir., 1963), 323 F.2d 989; Ward v. Celebrezze (5th Cir., 1962), 311 F.2d 115. The facts in the present case are clearly distinguishable from those in cases in which the Secretary's findings have been reversed by the courts, such as Music v. Ribicoff (E.D.Ky.1961), 195 F.Supp. 907, cited by claimant, where six medical reports based on physical examinations by four physicians were in evidence, with one exception, to the effect that the claimant was totally and permanently disabled.

Instead, the claimant contends that the wrong legal standard was applied to terminate claimant's "vested right" to disability benefits, because claimant allegedly had to shoulder the burden of proof of her disability even though her disability had previously been found to exist:

"Plaintiff contends that the proper legal standard in this case is that the burden of proof in seeking to terminate a period of disability is upon the defendant and the record shows a termination of her disability benefits without notice and hearing or an opportunity afforded therefor to claimant before the initial decision was made by the Social Security

Administration to terminate claimant's benefits."

This court is unfamiliar with cases holding that a claimant has a vested right in social security benefits. To the contrary, 42 U.S.C.A. § 425 provides:

"*Suspension of benefits based on disability.* If the Secretary, on the basis of information obtained by or submitted to him, believes that an individual entitled to benefits * * may have ceased to be under a disability, the Secretary may suspend the payment of benefits * * * until it is determined * * * whether or not such individual's disability has ceased or until the Secretary believes that such disability has not ceased."

The cases cited by the claimant do not deal with a suspension of benefits, as is the case here, nor do they alter this statutory provision.

The cases cited by claimant hold that, in determining a disability claim, once a medical disability is proved by the claimant, the burden shifts to the Secretary to show that the claimant is, in spite of any medical disability, still capable of substantial gainful work in light of his background, training and age. Thompson v. Celebrezze (6th Cir., 1964), 334 F.2d 412; Powell v. Celebrezze (W.D.Ark., 1964), 230 F.Supp. 142; Kozik v. Celebrezze (N.D.Ohio, 1963), 228 F.Supp. 381; Music v. Ribicoff, supra; Ellerman v. Flemming (W.D.Mo.1960), 188 F.Supp. 521. Thus, there may be some medical disability without economic disability.

In the present case, however, an existing medical disability of the claimant was not proved by the medical evidence presented and the problem of economic disability is not yet reached. The payment of benefits was suspended pursuant to 42 U.S.C.A. § 425, on the basis of medical evidence that claimant's former disability had improved, and on the basis of independent medical reports of four specialists, it was found that her medical disability had in fact ceased. In light of the additional medical evidence sup-

porting this finding that the medical disability had ceased, as required by the statutory provisions, it cannot be said that an incorrect burden of proof was placed upon the claimant.

The motion of plaintiff is therefore denied. The motion of the defendant for summary judgment is GRANTED.

It is so ordered.