**Ledia T. de SURO, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

Civ. No. 32–72.

United States District Court, D. Puerto Rico.

Feb. 25, 1977.

3. Page 22 of judgment.

4. Ibid.

5. See commentaries to the aforementioned articles in Revista del Colegio de Abogados, Volume 36, No. 1, Feb. 1975.

244

James A. Toro, San Juan, P.R., for plaintiff.

Julio Morales Sánchez, U.S. Atty., San Juan, P.R., for defendant.

## OPINION AND ORDER

PESQUERA, District Judge.

This is an action brought by plaintiff pursuant to Section 205(g) of the Social Security Act (hereinafter referred to as the Act), 42 U.S.C. § 405(g), to obtain judicial review of a decision of the Secretary of Health, Education and Welfare (hereinafter referred to as the Secretary) terminating plaintiff's payments for disability insurance benefits.

The issues herein are: first, if claimant was afforded procedural due process when she did not have a hearing prior to the Secretary's determination to stop the disability payments; and secondly, if there is substantial evidence on the record as a whole to support the Secretary's findings that the claimant's disability had terminated at the alleged date.

Plaintiff was born in 1920 and had four years of high school education and two years of secretary training. Plaintiff's work experience before being found disabled consisted of secretarial work, a job she performed for a substantial number of years. She filed an application for a period of disability and disability insurance benefits on August 1, 1967, the same was allowed with payments commencing on January 1968. Subsequently, plaintiff's entitlement to disability insurance benefits was terminated as of December 1970. Such de-

termination was confirmed on reconsideration by the Bureau of Disability Insurance of the Social Security Administration. The hearing examiner considered the case *de novo* on September 8, 1971 and determined that plaintiff's entitlement to the disability insurance had terminated as of December 1970. The decision of the hearing examiner became the final decision of the Secretary when it was approved by the Appeals Council on November 17, 1971.

The principal reasons for termination of benefits in accordance with the Act, 42 U.S.C. § 216(i), are that the worker is no longer disabled or that he has returned to work. In the case herein the Secretary determined that the worker was no longer disabled within the meaning of the statute, 42 U.S.C. §§ 423; 416(i). Plaintiff alleges that procedural due process requires an evidentiary hearing prior to the termination of the disability insurance benefits.

The present constitutional issue was specifically considered by the Supreme Court on *Mathews, Secretary of Health, Education and Welfare v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and according to the opinion of the Court:

"The judicial model of an evidentiary hearing is neither a required, nor even the most effective, method of decision-making in all circumstances. The essence of due process is the requirement that 'a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it'. *Joint Anti-Fascist Comm. v. McGarth*, 341 U.S. at [123] 171–172 [71 S.Ct. 624, 95 L.Ed. 817]."

And after considering the procedures outlined in the Social Security Act and strictly followed by the Secretary, the Supreme Court decided that:

"We conclude that an evidentiary hearing is not required prior to the termination of disability benefits and that the present administrative procedures fully comport with due process."

■ We therefore conclude that the plaintiff was afforded the constitutional requirements of procedural due process through administrative procedures that include notice of the proposed suspension and further provide for an opportunity to submit rebuttal evidence.

■ As to the issue that the Secretary's decision is not supported by substantial evidence on the record as a whole, after a thorough consideration of the record we find that there is substantial evidence to support the final decision of the Secretary.

■ The Secretary can determine in a hearing when a disability has terminated, *Myers v. Richardson*, 471 F.2d 1265 (1972), and the burden of proof remains with claimant to prove her disability even though she has previously been determined to be disabled. *Watson v. Gardner*, 246 F.Supp. 837 (1965); *Marker v. Finch*, 322 F.Supp. 905 (1971); *Kirkland v. Weinberger*, 480 F.2d 46 (1973).

The medical evidence on record, pertaining to the time that plaintiff's disability was determined to have ceased, provided the Secretary with substantial evidence to base his decision. On October 24, 1970, Dr. Pérez Nazario's impression was that plaintiff had mild myositis of the trapezii muscles, chronic fibromyositis of the lumbosacral paravertebral muscles, mild, and a probable H.N.P. L5–S1 in remission with no clinical evidence of root compression. (Tr. 81) Dr. Rafael Longo, on December 14, 1970, indicated that the patient remained "as a discogenic problem suspect with radicular pain into both lower extremities suggestive of S1 root irritation". And advised the plaintiff against bending, lifting, long periods of sitting, mopping and sweeping activities. (Tr. 84) On January 7, 1971, Dr. Méndez Bryan diagnosed plaintiff had "bilateral bursitis, espondilosis cervical, diabetes, hipertension esencial, disco lumbar herniado L4–L5". (Tr. 91) On April 1, 1971, Dr. Meléndez Poventud diagnosed essential hypertension, diabetes mellitus, low back pain, cause unknown, and ruling out HNP. Dr. Meléndez Poventud indicated his impression was that plaintiff was within normal limits (Tr. 95).

246

■ The above mentioned medical evidence does support the Secretary's determination that the plaintiff is no longer disabled within the meaning of the Act. An individual's disability, once established, continues only so long as his impairments prevent him from engaging in substantial gainful activity. 42 U.S.C. §§ 416(i), 425; *Watson v. Gardner*, 246 F.Supp. 837 (1965). It is concluded that the Secretary's findings were supported by substantial evidence on the record as a whole and therefore his determination should be affirmed.