Estella DAVIDSON, Plaintiff,

v.

Abraham RIBICOFF, Secretary of Health, Education and Welfare, Defendant.

No. 1078.

United States District Court
S. D. West Virginia,
at Huntington.

May 9, 1962.

Dean E. Lewis, Charleston, W. Va., for plaintiff.

Harry G. Camper, Jr., U. S. Atty., Charleston, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

This is an action under 42 U.S.C.A. § 405(g) of the Social Security Act to review a final decision of the Secretary of Health, Education and Welfare. That decision denied plaintiff's claim for the establishment of a period of disability in connection with the wage record of her deceased husband, John N. Davidson, and the jurisdiction of this court is limited to a determination of whether the decision was based on substantial evidence. 42 U.S.C.A. § 405(g). The court is precluded from having a hearing de novo. See Carpenter v. Flemming, D.C.N.D. W.Va., 178 F.Supp. 791.

The Act, 42 U.S.C.A. § 416(i), provides for eliminating the period during which an individual was under a "disability" from such person's earnings record in computing his average monthly wage and the amount of his (or his survivors) monthly insurance benefits. A discussion of the elements of this statutory disability is contained in Pruitt v. Flemming, S.D.W.Va., 182 F.Supp. 159. Section 402 of the Act provides for the payment of monthly benefits to the survivors of insured individuals. Plaintiff is seeking the establishment of such a period of disability with respect to her husband's wage record to procure a favorable recomputation of insurance benefits payable to her and her minor children. Under the terms of section 416(i) plaintiff's husband must have had a continuous "disability" which began at a time when he had status as an insured individual and continuing indefinitely at the time he filed his application. Plaintiff's husband last had status as an insured individual on March 31, 1953.

Plaintiff's husband, John Davidson, filed an application for a period of disability and for disability insurance benefits on October 23, 1956, alleging that he became unable to work on June 2, 1948, because an "ulcer burst", and "ulcers in stomach", indigestion, and continual nervousness prevented him from working thereafter. He was 38 years of age when he ceased his regular employment and 46 years of age after he filed his application. The application was denied initially and on reconsideration by the Bureau of Old-Age and Survivors Insurance. Davidson, on October 23, 1959, requested a hearing, but was subsequently hospitalized and died on February 27, 1960, before a hearing could be held. Plaintiff, the decedent's widow, applied for survivors insurance benefits on March 8, 1960, and the Bureau determined on March 30, 1960, that she was entitled to benefits beginning with February, 1960. Plaintiff then requested a hearing because the computation of benefits did not take into account a period of disability. A hearing examiner considered the case de novo and found that the decedent was not disabled within the meaning of the Act at the time when he was last insured. Plaintiff requested a review by the Appeals Council of the Social Security Administration and on May 12, 1961, the Council declined to review the decision. The hearing examiner's decision thus became the final decision of the Secretary, subject to the present judicial review.

The issue in this case is whether there is substantial evidence in the record to support the Secretary's decision that the plaintiff, having the burden of proof, failed to establish the right of her husband, John Davidson, to a period of disability.

The record discloses that Davidson's essential impairment, both at the time when he ceased his employment and at the time when he was last insured under the Act for disability, was an ulcer in the duodenum. Most of the physicians who examined Davidson both before and after he filed his application to establish a period of disability did not find him disabled to work because of this condition. Others felt that he would be able to return to work as soon as the ulcer was removed by surgery. It is important to note that Davidson declined to submit to this remedial surgery. On the other hand, one physician believed Davidson to be disabled to do physical work. The examiner, as the ultimate arbiter of conflicting evidence, chose that medical evidence which showed no disability or a disability amenable to correction through surgery. Where an impairment can be corrected to the point where the individual could resume gainful employment, he is not under a continuing disability within the meaning of the Act. Copelin v. Ribicoff, D.C.W.D.Mo., 194 F.Supp. 953. The examiner's decision, in this regard, was clearly based on substantial evidence and may not be disturbed.

There is medical evidence supporting a conclusion that Davidson became disabled in 1959, long after his insured status expired. An increase in the number or degree of impairments of an individual claiming disability benefits, occurring after the termination of his insured status, is not ground for reversing the decision of the Secretary denying such claim. The question for decision related to his condition during his specially insured status. Carpenter v. Flemming, supra. This is especially true where, as here, there is no medical showing that these later impairments were in any way related or traceable to the stomach disorder which Davidson had while he was insured.

The decision of the Secretary, being based on substantial evidence, is affirmed.