307 F.2d 379
 Eva ALLISON, Appellant,
v.
Abraham A. RIBICOFF, Secretary of the Department of Health,
Education and Welfare, Social Security
Administration, United States of
America, Appellee.
 No. 8597.
 United States Court of Appeals Fourth Circuit.
 Augued June 4, 1962.
Decided Aug. 30, 1962.
 
 Rodney A. Culbertson, Greenville, S.C., for appellant.
 John C. Eldridge, Atty., Dept. of Justice (William H. Orrick, Jr., Asst. Atty. Gen., John C. Williams, U.S. Atty., and Alan S. Rosenthal, Atty., Dept. of Justice, on brief), for appellee.
 Before BOREMAN and BRYAN, Circuit Judges, and CRAVEN, District Judge.
 PER CURIAM.
 
 
 1
 This is Eva Allison's appeal from the action of the District Court upholding the denial by the Secretary of Health, Education and Welfare of a claim for disability benefits under 42 U.S.C.A. 416(i) and 423.
 
 
 2
 To be entitled to disability payments, the claimant must show that she is unable 'to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * * *' 42 U.S.C.A. 416(i)(1)(A) and 423(c)(2). An impairment which is readily remediable does not qualify as one 'of longcontinued indefinite duration.' Bradey v. Ribicoff, 298 F.2d 855, 857 (4th Cir. 1962).
 
 
 3
 One of the witnesses was Dr. Anthony, who was claimant's own physician. He testified that he had advised claimant not to work because of the combination of her obesity, arthritis, and nervous tension. However, he testified tending to show that the arthritis itself was not disabling; that the nevousness is more subjective than objective; and that her obesity would not alone be of any great significance. The doctor indicated that claimant, by following his advice, had reduced her weight from 235 pounds to 205 pounds and that she is making some progress. Dr. Anthony also qualified his opinion by stating that he though she could do some very light type of work that didn't require any physical exertion and didn't have any emotional strain attached to it, and that in all fairness, if she could find a job situation to suit her, that claimant could engage in it.
 
 
 4
 Dr. Martinat testified to the effect that claimant has a full range of motion in all of her joints except for a very minimal amount of limitation in the lumber spine which is within normal limits for a person of her age. Dr. Stanley's report confirmed Dr. Martinat's-- his examination revealing that all of her joints were normally mobile. Dr. Ellison, a psychiatrist, expressed the opinion that claimant was mentally competent and that the patient's anxiety symptoms could probably be improved to some degree with medication. He also expressed doubt that she will ever be over her chronic anxiety but said that other persons with a diagnosis similar to hers have been able to return to gainful employment.
 
 
 5
 The Appeals Council of the Department of Health, Education and Welfare concluded from all of the evidence 'that the overwhelming weight of the evidence supports the conclusion that the claimant's impairments, either singly or in combination, are not of sufficient severity to preclude her from engaging in any substantial gainful activity'.
 
 
 6
 Although we think it not such a plain case as the foregoing quotation would indicate, we are confronted with the proposition (42 U.S.C.A. 405(g)) that the findings of the Secretary are binding on the District Court if, in the Court's view, they are supported by substantial evidence. We are unable to say that there is not substantial evidence to support the findings of the Secretary.
 
 
 7
 Affirmed.