Lacy B. BRADSHAW, Sr., Plaintiff,

v.

Abraham RIBICOFF, Secretary of Health, Education and Welfare of the United States of America, Defendant.

No. C–15–G–62.

United States District Court
M. D. North Carolina,
Greensboro Division.
Sept. 19, 1962.

---

Lacy B. Bradshaw, Sr., pro se.

William H. Murdock, U. S. Atty., Greensboro, N. C., for defendant.

STANLEY, Chief Judge.

The plaintiff seeks judicial review of the final decision of the Secretary of Health, Education and Welfare, holding that he was not entitled to old-age insurance benefits.

Both plaintiff and defendant have moved for summary judgment pursuant to the provisions of Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. For the reasons hereinafter stated, it is found that the determination of the Secretary is supported by substantial evidence, and that the motion of the defendant for summary judgment should be allowed.

The plaintiff filed an application for old-age insurance benefits on January 11, 1961, giving his date of birth as February 24, 1896. On March 13, 1961, the Bureau of Old-Age and Survivors Insurance determined that he was not entitled to the insurance benefits he was seeking because he had but 3 of the 13 quarters of coverage necessary to achieve a fully insured status. The Bureau subsequently affirmed its determination upon reconsideration and informed the plaintiff that he had not established that he ·had performed services in covered employment during the years 1951 through 1954. On June 23, 1961, the plaintiff requested a hearing before a Hearing Examiner of the Social Security Administration. He personally appeared at the hearing. Upon the testimony presented, including the various documents received in evidence, the Hearing Examiner rendered a decision on August 29, 1961, affirming the Bureau's action. Plaintiff then requested a review of the Examiner's decision by the Appeals Council. This request was denied on October 13, 1961, which had the effect of the Examiner's decision becoming the final decision of the Secretary.

The only issue presented is whether there is substantial evidence in the record to support the Secretary's decision that there was no bona fide employer-employee relationship between either James P. Cresswell or Cresswell Brothers, Inc., and the plaintiff, in the years 1951 through 1954, and that the plaintiff did not have an "insured status" entitling him to the old-age insurance benefits for which he had applied. While the Bureau determined that plaintiff needed 13 quarters of coverage, the Social Security Act was amended in August, 1961, reducing from 13 to 10 the number of quarters of coverage necessary for the plaintiff to be entitled to Social Security benefits. Plaintiff had accumulated 3 quarters of coverage through employment unrelated to the activities with which we are here concerned, and it is now necessary that he establish 7 additional quarters of coverage.

Under the jurisdictional statute, 42 U.S.C.A. § 405(g), the findings of the Secretary, if supported by substantial evidence, are conclusive, and such conclusiveness extends to inferences drawn from the evidence. Underwood v. Ribicoff, 4 Cir., 298 F.2d 850 (1962); Bradey v. Ribicoff, 4 Cir., 298 F.2d 855 (1962); Allison v. Ribicoff, 4 Cir., 307 F.2d 379, (decided August 30, 1962), and Adams v. Flemming, 2 Cir., 276 F.2d 901 (1960). Substantial evidence means "enough [evidence] to justify, if the tri-

al were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." National Labor Relations Board v. Columbian etc. Co., 306 U.S. 292, 59 S.Ct. 501, 83 L.Ed. 660 (1939). The burden of proof, both before the Hearing Examiner and in this court, is upon the plaintiff to establish his claim by a preponderance of the evidence. Adams v. Flemming, supra; Roberts v. Flemming, 186 F.Supp. 426 (N.D.Ala., 1960). We are not authorized, in a proceeding such as this, to substitute our own judgment for that of the Secretary, and his determinations may not be set aside if there is any legal basis therefor, "even though upon a consideration of all the evidence this Court might have reached a different conclusion." Thurston v. Hobby, 133 F.Supp. 205 (W.D.Mo., 1955); Julian v. Folsom, 160 F.Supp. 747 (S.D.N.Y., 1958).

The basis of plaintiff's claim of entitlement to benefits is fully set forth in the decision of the Hearing Examiner. Plaintiff is an attorney admitted to practice in North Carolina. In July of 1951 he was employed by James P. Cresswell to organize a North Carolina corporation, Cresswell Brothers, Inc., for the purpose of operating a tourist hotel on Mr. Cresswell's property in Mount Vernon Springs, North Carolina, consisting of 160 acres and a 14-room house. The corporation was formed on November 28, 1951, with James P. Cresswell as President, Earl Cresswell as Vice-President, and plaintiff as Secretary-Treasurer. Thereafter, plaintiff acted as manager of the hotel, which apparently did a limited business, and also looked after Mr. Cresswell's aged mother who resided there. Plaintiff from time to time advanced sums of his own money for the maintenance and repairs of the premises, and the decoration of the hotel. The president of the corporation promised to pay the plaintiff for professional and other services performed for the corporation, and reimburse him for money spent on behalf of the corporation. The record is not entirely clear as to how the payment was to be made, whether in cash or preferred stock; however, in a letter to plaintiff dated March 25, 1952, Mr. Cresswell stated:

"Don't worry about anything you have spent yourself in the way of cash for Cresswell Brothers Inc., as you certainly will be reimbursed with preferred stock for legitimate bills that you have."

Plaintiff never received any stock in the corporation, and admits that he never received any salary or wages from James P. Cresswell or Cresswell Brothers, Inc. He asserts, however, that a compromise settlement made in a suit he brought against Cresswell Brothers, Inc., in the Superior Court of Chatham County, North Carolina, in August of 1952, should be considered as wages. This action was settled by consent judgment entered on March 3, 1953, by the terms of which compromise settlement the plaintiff was paid the sum of $500.00 cash and a Ford automobile which he later sold for $125.00.

As observed by the Hearing Examiner, the complaint filed by the plaintiff in the Superior Court of Chatham County against Cresswell Brothers, Inc., furnishes the best evidence of the basis of his claim against the Cresswells and the corporation. Briefly summarized, the plaintiff alleged that he was a duly licensed and practicing attorney in the State of North Carolina; that he had been engaged by James P. Cresswell on August 1, 1951, to organize a corporation in the State of North Carolina for the purpose of constructing, maintaining and operating adequate facilities for a convalescent resort hotel and other related and similar activities; that pursuant to these arrangements, the plaintiff obtained a charter for the corporation, moved from his home in Graham, North Carolina, to Mount Vernon Springs, North Carolina, and began to look after and manage the affairs of the corporation; that he undertook to have the dwelling house located on the real estate of the corporation remodeled, repaired and refurnished; that Mr. Cresswell

promised that all services rendered on behalf of the corporation would be paid for in cash or by the issuance and delivery of preferred stock; that relying upon said promises, representations and statements by Mr. Cresswell, President of Cresswell Brothers, Inc., he advanced, for the benefit of the corporation, the sum of $2,500.00; that he had made demand upon Mr. Cresswell that he be paid this sum, or that he be issued preferred stock equal to this sum of money; that the corporation, through its president, had refused to comply; that in addition to the money advanced, he had rendered other services for the corporation, pursuant to the requests, instructions and promises of James P. Cresswell, including legal and professional services in obtaining the charter, and other legal work, and supervising the remodeling, repairing and refurnishing of the dwelling house, and managing and looking after the affairs of the corporation, and that the services so rendered were reasonably worth the sum of $4,500.00; and that the corporation and the Cresswells had refused to either issue to him preferred stock or pay him for the services rendered. In the prayer for relief, plaintiff asked that the corporation be required to issue and deliver to him preferred stock in the sum of $7,000.00, or in lieu of the issuance and delivery of stock that he be allowed to recover the sum of $7,000.00 in cash, for money advanced and services rendered.

There is nothing in the record to indicate the basis of the compromise settlement in the amount of $500.00 and an old automobile. The judgment entered on March 8, 1953, simply recites that all matters and things in controversy between the parties had been compromised and settled. In a mutual release signed, each party released the other from all obligations whatsoever, without specifying in particular what the obligations were.

The record is absent of any definite proof of an employer-employee relationship having existed between the plaintiff and James P. Cresswell or Cresswell Brothers, Inc. Certainly, a part of the services was rendered as an attorney for both Mr. Cresswell and the corporation. Self-employed lawyers were not covered by the Social Security Act until 1956, so the plaintiff could have acquired no quarters of coverage in this manner. The plaintiff has not established the basis for the compromise settlement. He alleged that he had advanced personal funds in the amount of $2,500.00, which is much more than the amount received in settlement of the litigation. Even if payment of wages had been involved in the settlement, there is a total lack of evidence as to quarter or quarters involved.

Additionally, even if it is assumed that plaintiff's entire claim was for services other than legal services, and that it was for labor performed, either manual or management or otherwise, all of these services were performed between August 1, 1951, the date plaintiff was first approached by James P. Cresswell concerning the organization of the corporation, and August 8, 1952, the date the complaint was filed in the Superior Court of Chatham County, North Carolina. Under these circumstances, if the plaintiff earned at least $50.00 in each of the calendar quarters beginning July 1, 1951, through September 30, 1952, he would have acquired only 5 additional quarters of coverage, making a total of 8 quarters, or 2 less than the number required for him to attain an insured status.

■ The court, after carefully reviewing the file and the various exhibits, including the exhibits filed with the Appeals Council after the Hearing Examiner had rendered his decision, is unable to say that the findings of the Secretary that the plaintiff has failed to prove that he is a fully insured individual, and thus entitled to Social Security benefits, are not supported by substantial evidence.

Accordingly, judgment will be entered granting defendant's motion for summary judgment, affirming the decision of the Secretary, and dismissing the claim.