Lacy B. BRADSHAW, Sr., Appellant,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare of the United States of America, Appellee.

No. 8791.

United States Court of Appeals
Fourth Circuit.

Submitted on Briefs Jan. 21, 1963.

Decided Jan. 24, 1963.

Lacy B. Bradshaw, Sr., pro se, on brief.

Joseph D. Guilfoyle, Acting Asst. Atty. Gen., William H. Murdock, U. S. Atty., and Alan S. Rosenthal and Edward A. Groobert, Attys., Dept. of Justice, on brief, for appellee.

Before HAYNSWORTH and BRYAN, Circuit Judges, and MICHIE, District Judge.

PER CURIAM.

The appellant, an attorney-at-law sought old age insurance benefits under the provisions of § 202(a) of the Social Security Act.[1] He sought to establish coverage for the requisite number of quarters by reference to a compromise settlement of a law suit in which he had sought to recover fees for legal services, moneys advanced allegedly for the benefit of the client, and compensation for other services rendered. The settlement was for a sum less than the claimed advances, and the Hearing Officials and the District Judge were of the opinion that if the full amount of the settlement had been treated as compensation for services other than for legal services,[2] it was earned

2. Coverage had not then been extended to self-employed professional people.

only in the quarters commencing with Bradshaw's original engagement as an attorney and the date the law suit was commenced. So treated, he would still not have the minimum number of covered quarters.

For that reason, as demonstrated in the opinion of the District Judge,[3] the administrative determination was supported by substantial evidence and summary judgment was properly entered affirming the decision of the Secretary.

Affirmed.

3. Bradshaw v. Ribicoff, Secretary, M.D.N.C., 209 F.Supp. 79.