Frank **LEFFINGWELL**, Plaintiff,

v.

Anthony J. **CELEBREZZE**, Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 2072.

United States District Court
S. D. West Virginia,
Huntington Division.

May 5, 1965.

Harry F. Thompson, Jr., Huntington, W. Va., for plaintiff.

George D. Beter, Acting U. S. Atty., Charleston, W. Va., for defendant.

CHRISTIE, District Judge:

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education, and Welfare. The final decision of the Secretary is a decision rendered by the Appeals Council on August 14, 1964, af-

firming the earlier decision of a hearing examiner on January 31, 1964. The final decision holds that plaintiff is not entitled to either a period of disability or to disability insurance benefits for which he filed application on November 28, 1962.

■■ To entitle plaintiff to receive benefits under Section 223(a) (1) (D) of the Act, he must establish that he was under a disability at the time of the filing of his application therefor and the last sentence of Section 223, subsection (c) (2) of the Act puts upon him the ultimate burden of proving his claim in these words:

"An individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required."

The Courts have interpreted this to mean that the burden of proof is upon the plaintiff to establish his claim with creditable evidence. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964); Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962). However, this burden need not be carried to a point beyond a reasonable doubt. Thomas v. Celebrezze, supra.

■ A further reference to the Act will disclose that the authority of the Court is somewhat circumscribed in reviewing these cases by this provision therein:

"The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

In construing the term "substantial evidence," the Courts have held it to be more than a scintilla, but less than a preponderance. Thomas v. Celebrezze, supra. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and it must be based on the record as a whole. Celebrezze v. Bolas, 316 F.2d 498 (8th Cir. 1963). Our Fourth Circuit has said that the administrative decision should be upheld, whether for or against the claim, even though there is but a "slight pre-

ponderance of the evidence on one side or the other," to support it. Underwood v. Ribicoff, supra. With this in mind, let us now review the evidence of record to determine whether the findings made by the Secretary are supported by substantial evidence.

Plaintiff was born in Athalia, Ohio, on February 10, 1908. He only completed the fifth grade in school and did not receive any other vocational or educational training. His work experience consisted of jobs as a yard laborer, a black-ash process worker and doing blanc fixe process work. It is uncontradicted that these jobs fall within the category of manual labor.

Plaintiff alleges in his application that he became unable to work on June 30, 1962, because of "ruptured lower bowels, hernia in the left side and hemorrhoids."

The medical evidence of record consists of reports from a number of hospitals and doctors. A brief summary of these medical findings are as follows:

On May 10, 1960, at St. Mary's Hospital in Huntington, West Virginia, X-rays of plaintiff's abdomen revealed minimal osteoarthritis involving the lumbar vertebrae. The colon showed infrequent diverticula distributed throughout the iliac portion. Further X-rays at the hospital on May 15, 1962, revealed that the chest showed a normal heart and that the lung fields were clear. The abdomen showed minimal osteoarthritis involving the lumbar vertebral bodies. The colon showed infrequent diverticula throughout the sigmoid portion.

A number of medical reports, beginning in August of 1962, were submitted by Dr. R. R. Dennison, specialist in internal medicine and plaintiff's personal physician. His diagnosis on the various occasions was, 1. Diverticulosis of the colon, 2. Anxiety Reaction, 3. Small left indirect inguinal hernia, 4. Dental caries, severe, 5. Osteoarthritis of the right knee. In his final report on February 10, 1964, he stated,

"It is my impression that this man is totally and permanently disabled, perhaps more as a result of his anx-

iety reaction than from any other of his difficulties. I have never advised him to have his left inguinal hernia repaired, because I do not feel that it is giving him that much difficulty. Of course, there is no surgical procedure at the present time for Diverticulosis, except in the extreme acute stage. I have never advised psychiatric consultation for this man for two reasons: 1. because of the expense, and 2. because I feel a psychiatrist has very little to offer this man."

Plaintiff was examined by Dr. R. J. Stevens, specialist in internal medicine, on August 9, 1963. Physical examination revealed a well-developed and nourished white male. The head was normal in size and shape. The pharynx was negative; thyroid was not enlarged; expansion of the chest was free and equal; the lungs were clear. External genitalia was normal except for a small left indirect inguinal hernia. Rectal examination was negative. The extremities were normal with no limitation of motion. Fluoroscopic examination of the chest showed considerable scarring with some slight pulmonary fibrosis. The left hilum contained some calcification. X-ray examination of the right knee revealed no bony abnormality. Urinalysis was normal. Dr. Stevens concluded,

"In reviewing this patient's history it is possible that he developed an indirect inguinal hernia ten years ago which still produces some pain. He also has diverticula of the sigmoid colon which can produce pain from time to time, but certainly does not produce any tenderness on pressure at all times and does not cause the pain the patient states he gets on exertion. I do not believe his inguinal hernia is large enough to produce the symptomatology he has, but it could produce slight discomfort on severe exertion. The patient has a great functional overlay, and I believe his only pathology is a small inguinal hernia which certainly could be corrected. He complains of

vomiting and passing blood; however, his hemoglobin is 15 gm. and certainly does not indicate any gastro-intestinal bleedings. The patient states that he weighed 197 pounds two and a half years ago and he weighs 168½ pounds at the present time. He mentions that he is losing weight now, but his weight in November of 1962 apparently was 160 pounds so he apparently has gained 8½ pounds recently. He has very excellent nutrition. I do not believe he has much gastro-intestinal disturbance and certainly the amount of diverticulosis he has should not be producing any symptomatology unless he has an occasional bout of diverticulitis. He certainly has no diverticulitis; however, he complains of severe abdominal tenderness on palpation. I am certain that this man is exaggerating his symptoms, and I wonder if he has ever had any psychiatric evaluation. I do not feel that he is disabled from a physical standpoint."

Plaintiff was last examined by Dr. R. W. Hibbard, psychiatrist, on April 10, 1964. Examination revealed the following:

"No tremors of the hand were noticed during the interview until the last few minutes when I asked him to hold out his extended hand, and then it seemed like there was evidence of some deliberate attempt to make them shake. There is no dilatation of the pupils. The hands are not sweaty. Several times throughout the interview he says that he cannot work; he has no job; and no education. He said up at St. Mary's they took a cardiogram on him and told him that his heart was good, but everything else was bad. There is some occasional shortness of breath. I think we are dealing here with a man with an anxiety reaction, but because of deep dependency strivings, he tends to exaggerate, either consciously or uncon-

sciously, all of his symptoms so as to appear extremely ill when in actuality his anxiety reaction is not the thing that is disabling him. I do not feel that his anxiety reaction causes any appreciable disability. I feel that this does not prevent him from being gainfully employed. He tried several times to get me to tell him what my conclusions were."

Based on this medical evidence and the entire evidence of record, the Appeals Council made the following findings of fact:

"1. The claimant has diverticula of the sigmoid colon, a mild condition causing no functional limitations and no significant symptomatology during the period of issue.

"2. The claimant has a small inguinal hernia, which resulted in no significant functional limitations and was correctable with surgery during the period at issue.

"3. The claimant had no arthritic condition affecting the right knee or any other extremity or joint during the period at issue.

"4. The claimant had no other significant physical impairment during the period at issue.

"5. The claimant did not have a significant emotional disorder during the period at issue.

"6. The claimant was physically able to perform his usual work during the period at issue.

"7. The claimant was not under a 'disability' as defined in the Act, at a time for which his application of November 28, 1963, was effective (through February 28, 1963)."

■ This Court is of the opinion that there is substantial evidence to support these conclusions. Concerning plaintiff's diverticula of the colon, Dr. Dennison apparently did not think it was in an extreme acute stage. Dr. Stevens, in his report in August of 1963, stated that plaintiff certainly did not have any diverticulitis at that time and that the amount of diverticulitis that he had had

should not be producing tenderness on pressure at all times, as plaintiff stated he got on exertion. Thus, there is substantial medical evidence of record to support the findings of the Council pertaining to plaintiff's colon impairment.

Concerning plaintiff's inguinal hernia, Dr. Dennison felt that it was not giving him much difficulty. Dr. Stevens stated that the hernia was not large enough to produce the symptomatology he had and that it certainly could be corrected. Therefore, the hernia being a *remediable* impairment and one causing plaintiff little difficulty, it cannot be the basis for a claim for disability benefits under the Social Security Act. Bradey v. Ribicoff, 298 F.2d 855 (4th Cir. 1962); Allison v. Ribicoff, 307 F.2d 379 (4th Cir. 1962).

Concerning plaintiff's impairment of the right knee, X-rays performed on August 8, 1963, revealed no bony abnormality and Dr. Stevens could find no limitation of motion. Clearly no medically determinable knee impairment has been shown by objective evidence.

■ Concerning plaintiff's mental condition, Dr. Dennison stated that his anxiety reaction was perhaps his most serious impairment. Dr. Hibbard, however, being a qualified psychiatrist, stated that plaintiff's anxiety reaction did not cause any appreciable disability and concluded that this anxiety condition did not prevent him from being gainfully employed. The medical findings being in conflict as between Dr. Dennison's and Dr. Hibbard's reports, it is for the Administrative Agency and not the courts to resolve such conflicts. Gotshaw v. Ribicoff, 307 F.2d 840 (4th Cir. 1962); Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1962); Taylor v. Ribicoff, 204 F.Supp. 144 (S.D.W.Va.1962). The Appeals Council having resolved this conflict adverse to plaintiff's claim, we are bound by it. Cf. Gotshaw v. Ribicoff, supra.

Believing, therefore, that the Appeals Council, as the trier of fact, was justified in finding from the record as a whole that an unremediable impairment was not medically established either singly or

in combination to produce the required "disability" within the meaning of the Act, we find that the decision of the Secretary denying plaintiff disability benefits is supported by substantial evidence, and being so supported, is conclusive on this review.

Accordingly, defendant's motion for summary judgment is hereby granted and plaintiff's complaint dismissed.