**Thadus Eugene DORSEY, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of the Department of Health, Education & Welfare, Defendant.**

**Civ. A. No. 4347.**

United States District Court
W. D. South Carolina,
Anderson Division.

May 19, 1965.

Richard D. Ruhle, Jr., Anderson, S. C., for plaintiff.

John C. Williams, U. S. Atty., Geddes Hugh Martin, Asst. U. S. Atty., Greenville, S. C., for defendant.

SIMONS, District Judge.

This is an action under Section 205(g) of the Social Security Act, as amended, to review a decision by the Secretary of Health, Education and Welfare that plaintiff is not entitled to establishment of a period of disability and for disability benefits pursuant to section 216[i] and 223[a] of the Act [42 U.S.C.A. 416[i] and 42 U.S.C. § 423].

Section 205[g] of the Act provides that "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."

The court is not to try the case "de novo" but must review the record as a whole to determine if the findings of the Secretary are supported by substantial evidence. Thomas v. Celebrezze, 331 F.2d 541 [4th Cir. 1964]. Likewise the court must accept any inferences found by the Secretary arising from the evidence if reasonably susceptible. Maloney v. Celebrezze, 337 F.2d 231 (3rd Cir. 1964].

Claimant alleges that he became "disabled" within the meaning of the Act on April 1, 1958, at age 44, due to a variety of ailments including deafness, backache, dizzy spells, prostate and stomach troubles. Although there is no doubt that plaintiff suffers some medically determinable ailments there does exist a conflict in the medical evidence as to the severity of claimant's disorders and his ability to engage in substantial gainful employment. Such conflicts must be resolved by the Secretary and if supported by substantial evidence are binding on the court. Gotshaw v. Ribicoff, 307 F.2d 840 [4th Cir. 1962].

I must conclude from a review of the entire record in this case that the Secretary's finding that claimant was not "disabled", for purpose of disability benefits under the Act, prior to June 30, 1959, expiration date of his insured status, is supported by substantial evidence.

It is, therefore, ordered that the determination of the Secretary denying plaintiff a period of disability and disability benefits under the Act be, and it is hereby affirmed.

Let judgment be entered accordingly.