**John T. SMITH, Plaintiff,**

v.

**Honorable John W. GARDNER, Secretary, Department of Health, Education, and Welfare of the United States of America, Defendant.**

**Civ. A. No. 4689.**

United States District Court
D. South Carolina,
Greenville Division.

May 17, 1966.

Theodore M. Burns, Jr., Greenville, S. C., for plaintiff.

John C. Williams, U. S. Atty., and Robert O. DuPre, Asst. U. S. Atty., Greenville, S. C., for defendant.

HEMPHILL, District Judge.

Action for judicial review of a final decision of the Secretary of Health, Education and Welfare denying an application to establish a period of disability under section 216(i) of the Social Security Act, 42 U.S.C.A. section 416(i), and for monthly disability insurance benefits pursuant to section 223 of the Act, 42 U.S.C.A. section 423.

Jurisdiction is granted this court under section 205(g) of the Act, 42 U.S.C.A. § 405(g), which provides:

Any individual, after any final decision of the Secretary * * * may obtain a review of such decision by a civil action * * *. Such action shall be brought in the district court of the United States * * *. The court shall have power to enter, upon the pleadings and transcript of the record,

a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *.

The scope of judicial review being thus limited, this court has no authority to try the issues de novo but must scrutinize the record as a whole to determine whether there is substantial evidence to support the decision of the Secretary. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964). If there is substantial evidence in the record to support the decision it is conclusive and must be affirmed. 42 U.S.C.A. § 405(g). If there is only a slight preponderance of the evidence on one side or the other the Secretary's findings must be affirmed. Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

This claimant's record is a chronicle of inauspicious circumstance and inability to persevere. The question, however, is whether he is suffering from any medically determinable physical or mental impairment which will be of indefinitely long-continued duration and which will prevent him from engaging in substantial activity. More precisely, the question is whether there is substantial evidence in the record to support the Secretary's decision. The claimant has the burden of proving his disability, e. g. Bradey v. Ribicoff, 298 F.2d 855 (4th Cir. 1962); Jarrett v. Celebrezze, 233 F.Supp. 282 (D.C.S.C.1964), but the burden is not beyond a reasonable doubt, Leffingwell v. Celebrezze, 240 F.Supp. 745 (D.C. W.Va.1965), and the decision of the Secretary must, of course, be rational, Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964).

This record is another of those that pose the perplexing problem of a claimant who is seemingly able to care for his normal everyday needs but who maintains that he is unable to work. He complains of stomach pain and shortness of breath whenever he exerts himself. The record shows there is anxiety reaction. His work background, history, and education are pertinent and helpful in understanding the anxiety reaction.

Claimant dropped out of school at sixteen years of age having completed only the seventh grade. He has had an appalling succession of jobs some of which he held for extremely short periods of time. There were several abortive attempts at formal vocational training. His venture into marriage with its responsibilities and concomitant stability and motivation terminated unfortunately in divorce. A period of service in the Army, which many men find rife with opportunity, produced for the claimant cirrhosis of the liver. (It has since healed.)

The medical evidence is in substantial accord that the claimant suffers from chronic gastritis (cause unknown), chronic productive cough, and a moderate emphysematous condition. There is no evidence that these conditions are disabling to the claimant other than his own testimony that the stomach pains prevent the slightest exertion. His own attorney states on brief that "it would appear therefore that the condition in this case to be considered disabling is that of the chronic anxiety state which has reached such a point that it is totally controlling the plaintiff's life." The medical evidence is also in accord in that anxiety reaction is indicated. The inferences as to the significance of the condition as it bears on the claimant's ability to perform are at some variance. This commentary from an examining physician is clear: "Wants social security disability. I do not see that he is."

The recent case of Beggs v. Celebrezze, 356 F.2d 234 (4th Cir. 1965), held that this type mental disorder—anxiety reaction—is a medically determinable impairment for which benefits may be recovered if it is proved to be disabling. The claimant's testimony as to his condition is, of course, that he is disabled. The physicians' reports regarding his physical

condition do not substantiate this. The examining psychiatrist confirms claimant's condition as being seated in anxiety reaction however he expresses his opinion of its effect on this claimant in guarded —and for our purposes rather oblique— language:

> It is my impression that Mr. Smith presents a rather chronic anxiety reaction in an inadequate personality. It appears that he has these stomach complaints and they are compatible, by and large, with a psycho-psychiological gastro intestinal reaction. I believe that he could manage benefit payments in his own interest, and I would like to add that he is appreciably preoccupied with his somatic complaints, which are not serving an adequate job of allaying his anxiety.

This commentary is the strongest support for his own testimony. Whether this would carry the claimant's burden of proof is not here the proper inquiry for this court. Whether there is substantial evidence to the contrary is the query this court must pursue. It finds that there is substantial evidence to support the decision of the Secretary. The psychiatrist with full knowledge of the purpose of his examination is equivocal. To the point of the degree of the condition and the effect of it on the claimant's ability to perform, the report is relative and noncommittal. Does "appreciable preoccupation" with somatic complaints prevent substantial gainful activity? Without addressing itself directly to the medical determination of disability, the report could reasonably be given less than controlling weight by the Examiner in the legal determination of disability.

The credibility of the claimant's personal testimony is, as always, for the trier of fact. E. g. Dorsey v. Celebrezze, 241 F.Supp. 602 (D.C.S.C.1965); Clifton v. Celebrezze, 228 F.Supp. 251 (D.C.Tex. 1964).

A clinical and vocational psychologist testified that the claimant's record and testimony at the hearing suggested a pattern of a recurring sense of failure resulting in an increasing withdrawal— a reluctance to accept challenge however prosaic. Over most of his employment history he has been a baker's helper, but never a baker. The following exchange is poignant and tells much:

Q. * * * You are a first class baker, aren't you?

  *    *    *    *    *    *

A. Well the first class baker's supposed to bake 'em, decorate 'em, ice 'em,—birthday cakes—and that's what I meant. I'm not a first class baker. I can't decorate a cake.

Q. You can't decorate. You can ice?

A. I can ice it. Yes sir.

Q. Just ordinary. But you can't put all the little flowers and things like that?

A. That's right.

Q. Did you ever try?

A. No, sir.

Q. How do you know you can't?

A. Well, I just didn't have enough confidence in myself to think I could.

The therapy recommended included a change of work but, nevertheless, to some gainful activity. The recommendation that the claimant pursue some other occupation than baking was based not on his inability to perform but that the change might accelerate his return from the state to which he had withdrawn. In this respect numerous available and appropriate occupational alternatives were suggested to which the claimant responded: "Where am I gonna get one of them jobs?" The psychologist then called to the claimant's attention the appropriate agencies available for such assistance. The claimant had not previously availed himself of that help.

It would be a cruel irony to declare the claimant disabled and put him to pasture, closing the very gate through which he could perfect his health and regain harmony of mind. We cannot now bring to the fore all of the considerations and

deliberations of the Hearing Examiner. He has, with the benefits of first-hand observation of the subtleties and nuances that escape the printed record, concluded that the claimant is able, with help other than that of a pecuniary nature, to help himself. There is substantial evidence in the record to support that finding. The defendant's motion for summary judgment must, therefore, be granted.

And it is so ordered.