**Charles E. MOORE, Plaintiff,**

**v.**

**Wilbur J. COHEN, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 1083.**

United States District Court
S. D. West Virginia,
Bluefield Division.

Oct. 22, 1968.

---

Odell H. Huffman, Princeton, W. Va., for plaintiff.

Milton J. Ferguson, U. S. Atty., George D. Beter, Asst. U. S. Atty., Huntington, W. Va., for defendant.

CHRISTIE, District Judge:

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. A decision by a hearing examiner on November 29, 1967, became the final decision of the Secretary on May 31, 1968, when the Appeals Council denied plaintiff's request for review. The final decision holds that plaintiff is not entitled to the establishment of a period of disability or disability insurance benefits under the provisions of the Act.[1]

■ Plaintiff last met the special earnings requirements of the Social Security Act through the quarter ending September 30, 1960. Under the Act, 42 U.S.C.A. § 416(i), an individual cannot be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required. To satisfy this requirement the claimant must establish that he suffered from such disability on or before the last day

1. The term "disability" is defined in Sections 216(i) and 223 of the Social Security Act, as amended, to mean: "(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

The 1967 Amendments to the Act imposed the additional requirement that "(A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."

of his special insured status. Davidson v. Ribicoff, 204 F.Supp. 368 (S.D.W.Va. 1962). Thus the burden is upon the plaintiff to establish by credible evidence that he was disabled within the meaning of the Act prior to September 30, 1960, when he last met the special earnings requirement, though such proof need not be carried beyond a reasonable doubt. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964).

■■ The standard of review in actions of this nature is found in Section 205(g) of the Act, as amended, and is as follows:

"The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

In short, the Courts are not to try the case de novo, and if the findings of the Secretary are supported by substantial evidence, the Courts are bound to accept them. Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962). Nevertheless, it is said that this provision of the law does not contemplate that the Courts should surrender their "traditional functions," but rather that they will view the record as a whole, not for the purpose of making an independent finding, but to determine whether or not the administrative finding is supported by substantial evidence and to see to it that the administrative agency does not act arbitrarily or capriciously in denying just claims or allowing unworthy ones. Thomas v. Celebrezze, supra; Underwood v. Ribicoff, supra; Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1962). In determining the meaning of "substantial evidence," the Courts have held it to be more than a scintilla, but less than a preponderance. Thomas v. Celebrezze, supra. It is such evidence as a reasonable mind might accept as adequate to support a conclusion and it must be based on the record as a whole. Celebrezze v. Bolas, 316 F.2d 498 (8th Cir. 1963). The Fourth Circuit has pointed out that if there is only a slight preponderance of the evidence on one side or the other, the Secretary's findings must be affirmed. Underwood v. Ribicoff, supra. Therefore, the immediate task of this Court on this review is to determine whether the defendant's denial of plaintiff's claim is supported by substantial evidence.

Plaintiff was born October 18, 1922, is married and the father of five children, four of whom are stepchildren. He completed the seventh grade in school and is able to read and write. Plaintiff's earliest work was in the timber industry, however, in 1940 he began working in the coal mines of southern West Virginia and continued working in this area until sometime in 1957. His jobs in the coal mines were for the most part of the unskilled variety and included bone picker, coal loader and duckbill loader. His only other work experience consisted of fifteen months' employment under the ADCU program in the early 1960's.

Plaintiff's medical examinations, conducted between 1958 and 1967, revealed only minimal physical abnormalities, the single significant diagnosis being one of Grade I systolic murmur indicating the possibility of cor pulmonale or pulmonary heart disease. However, even in this instance the doctor who made this diagnosis of cor pulmonale was of the opinion that plaintiff retained the capacity to engage in "some type of gainful employment, but probably not heavy physical labor." Plaintiff's chief difficulties stem not from a physical impairment but from a mental disability diagnosed by a psychiatrist in 1967 as "psychoneurotic anxiety reaction with depression, severe, chronic, associated with conversion features, severe, chronic." Associated with the mental disorder was a finding of mental deficiency, based on a WAIS Verbal Scale I.Q. of 84. Based upon the preceding diagnosis, the psychiatrist was of the opinion that plaintiff was an extremely poor prospect for any type of employment.

A vocational consultant testifying at the hearing expressed the opinion, based upon a review of the medical evidence as well as the testimony of the plaintiff, that as of September 30, 1960, the date

of the expiration of plaintiff's insured status, there were a number of jobs available in the area in which plaintiff lived which he, with his particular limitations, was capable of performing. On cross-examination, the vocational consultant admitted that plaintiff would have been precluded from engaging in substantial gainful activities in 1960 if the mental condition, diagnosed in 1967, had been present. The hearing examiner found, however, that plaintiff had failed to establish the existence of any mental disability prior to the expiration of his insured status in 1960, and held, on the basis of the medical evidence and the vocational consultant's testimony, that as of September 30, 1960, plaintiff was capable of engaging in a number of jobs constituting substantial gainful activity.

■ As can be seen from the above, the ultimate issue presented for decision in this court is whether the finding of the Secretary that the mental impairment, classified as disabling, did not exist on September 30, 1960, is supported by substantial evidence. In order to prevail in this proceeding plaintiff must establish that the alleged disabling condition existed prior to the expiration of his insured status. The law is clear that any disability that has its onset or becomes disabling after plaintiff last met the earnings requirements may not be the basis for a favorable finding, Taylor v. Ribicoff, 204 F.Supp. 144 (S.D.W.Va. 1962), and the fact that plaintiff may now be disabled because of a deterioration in his condition or as a result of other ailments that were not present as of September 30, 1960, is not pertinent to this decision.

The evidence most favorable to plaintiff's claim is found in the report of the psychiatrist who originally diagnosed the disabling mental condition. Thus, while this pyschiatrist admits that the time of origin of this condition was unknown to him, he did make the following remarks as to the probable date of origin:

"How long these symptoms have persisted is unknown. We do know that when he was examined on 2/22/66 in our office his symptoms were the same, and *from the history that he and his wife present* more than likely his symptoms have existed since he quit work in the mines and probably in 1960." (Emphasis added).

Other evidence supporting the claim that the mental disability existed in 1960 may be found in the testimony of plaintiff and his wife as well as in affidavits submitted by plaintiff's brother and a merchant who has known plaintiff since 1946. The Secretary, on the other hand, placed great emphasis on the fact that medical diagnoses establishing the presence of a mental disorder were not made until nearly six years after the expiration of plaintiff's insured status. Indeed, in one medical statement, dated January 14, 1958, and prepared by a physician who had treated plaintiff over a long period of time, it is reported that no evidence of abnormality or injury of a mental or nervous nature was found.

An analysis of the evidence presented in this case leads ultimately to the conclusion that, while there is evidence to support the conclusion that plaintiff suffered from a mental disability precluding engagement in substantial gainful activity as early as 1960, other equally compelling evidence indicates that any mental disability from which he might have suffered had its origin or became disabling well after plaintiff's insured status had expired. Thus, we are faced with a situation in which, on the basis of the evidence, conflicting conclusions might reasonably be drawn by different individuals. Our duty under these circumstances is clear since, as has been pointed out on numerous occasions, the Secretary and not the Courts is charged with resolving conflicts in the evidence, and it is immaterial that the evidence before the Court will permit a conclusion inconsistent with that of the Secretary. Thomas v. Celebrezze, supra; Snyder v. Ribicoff, supra; Allison v. Ribicoff, 307 F.2d 379 (4th Cir. 1962). Though there may be substantial evidence to support

inconsistent findings, the District Court is required to accept the administrative findings if, as is true in the present case, they are supported by substantial evidence.

Thus, considering all the medical evidence, the testimony of the vocational consultant, as well as the testimony of plaintiff, we cannot in good conscience say that the Secretary's finding with respect to plaintiff's ability to engage in any substantial gainful activity prior to September 30, 1960, is not supported by substantial evidence of record.

Accordingly, viewing the record as a whole, it is clear that a reasonable mind could very well have reached the same conclusion as did the Secretary—that the evidence failed to establish the claim asserted—and that being so, the defendant's motion for summary judgment must be granted.

