Charlie E. JOHNSON, Plaintiff,

v.

Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 70–C–120–A.

United States District Court, W. D. Virginia, Abingdon Division.

July 22, 1971.

872

D. H. Frackelton, Widener & Frackelton, R. Russell Myers, Bristol, for plaintiff.

Birg E. Sergent, Asst. U. S. Atty., Roanoke, Va., for defendant.

OPINION and JUDGMENT

DALTON, District Judge.

This action involves the plaintiff's effort to set aside the defendant's denial of Social Security benefits.

The claimant applied initially for a period of disability and for disability insurance benefits on August 15, 1967. His claim was denied by letter dated December 13, 1967. Subsequently the claimant filed a second application to establish a period of disability and for disability insurance benefits on December 18, 1969, pursuant to Sections 216(i) and 223 of the Social Security Act, 42 U.S.C.A. §§ 416 and 423. The plaintiff's claim was disallowed on February 24, 1970. Thereafter, on March 16, 1970, he requested a hearing stating that, "The determination is contrary to the law and evidence and is without substantial evidence to support the same."

By decision dated August 7, 1970, the hearing examiner also denied the plaintiff's claim, and his decision became the final decision of the Secretary when the Appeals Council denied the claimant's request for review on August 27, 1970.

This matter comes to the attention of this court under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g) to review the final decision of the Secretary of Health, Education and Welfare.

The claimant was born in Wise County, Virginia on January 17, 1914 and presently resides on his 38-acre farm in Elks, Virginia with his wife and two grandchildren. He began work in 1937 when he was employed by the WPA for a period of approximately one year. His next job was as a laborer with the State of Virginia in 1939. After that job he worked on a farm until he entered the Army on March 17, 1945. After serving about nine months, the plaintiff was discharged in December of 1945. From that time until 1953 he was engaged in farming, and thereafter was employed until 1961 or 1962 by a rug company for which he served in a maintenance capacity. Between the date of termination of his employment with the rug company and 1964, the claimant was ill with a bladder ailment and did not work. On March 4, 1964, the plaintiff was injured while cutting timber when a tree fell on his shoulder. He claims disability beginning on this date as a result of this accident.

In support of his claim the plaintiff has entered into the record his testimony, the testimony of his son, Billy Ray Johnson, the testimony of a lifetime acquaintance, James Buttry, and various medical reports. The claimant lists arthritis, bursitis and high blood pressure as the ailments which rendered him disabled and entitled to Social Security benefits.

The issue before this court is whether or not the claimant was disabled within the meaning of the Act on or before December 31, 1965, the date when he was last entitled for coverage under the disability provisions of the Act.

In the claimant's hearing, he stated that he has been disabled since March 4, 1964, when he was struck by a falling tree and that he has not been able to work since that date. However, it should be again noted that the plaintiff has filed two applications for disability benefits, and in the first application filed in August of 1967, the claimant stated that he became unable to work in October of 1966 and not in March of 1964 as he now alleges.

Examination of the medical reports which were filed in this matter reveals that the claimant was examined and treated by several doctors. The report of Dr. W. L. Griggs, Jr., a general practitioner and the claimant's personal physician, indicates that he examined the plaintiff in April of 1964 and has treated him since that time for rheumatoid arthritis. While the reports of Dr. Griggs are somewhat confusing, they do not seem to indicate any real disability until approximately August of 1966. It is the opinion of Dr. Griggs that the claimant will never be able to perform manual labor. The report of Dr. C. H. Gillenwater, a chiropractor, shows that the claimant first came to him in July of 1965 and was last examined by him on January 31, 1970. It is the opinion of Dr. Gillenwater that the claimant is unable to do manual labor. Finally the report of Dr. William F. Schmidt, an internist and consulting physician for the Social Security Administration, reveals that he made a thorough examination on November 3, 1967. As a result of that examination, Dr. Schmidt gave the following diagnosis:

"1. Arthritis-etiology not clear.

2. Osteoarthritis of the dorsal lumbar spine, symptomatic.

3. Nodal premature contractions."

While Dr. Schmidt's report did not include a prognosis, it did not contain any notation of critical ailments which would render the plaintiff disabled.

It appears from the plaintiff's complaints and from the above-mentioned medical reports that the claimant at the time of the hearing may well have been disabled; however, there is no medical opinion or other evidence which competently shows that the claimant was disabled on or before December 31, 1965.

The Secretary has moved for summary judgment in this case, and in support of his motion has set forth two grounds.

The first of these is based on the doctrine of administrative *res judicata* which was set forth by the Court of Appeals of this circuit in the case of Easley v. Finch, 431 F.2d 1351 (4th Cir. 1970). After consideration of the opinion in that case, it is the opinion of this court that the case at bar presents a situation different from that in *Easley*, and therefore that case is inapplicable. In *Easley* the claimant had filed three applications for disability benefits based on the same ailments, and all three had been denied. The claimant then filed a fourth application. A hearing was held at which the claimant presented supplemental evidence. The hearing examiner denied the award of benefits, finding that the question of the claimant's disability had been determined in the first hearing, and the decision stemming from that hearing was final and binding since nothing presented in the last hearing warranted reopening of the case. The claimant instituted suit in the District Court for a review of the Secretary's decision, and that court rejected the doctrine of administrative *res judicata* and found the claimant entitled to relief. On appeal, the Court of Appeals reversed the judgment of the District Court holding that the doctrine was applicable.

■ It is the opinion of this court that the distinguishing fact in *Easley* is that the hearing examiner relied on the regulations which allowed him to dismiss the hearing on the ground of *res judicata*. See 20 C.F.R. § 404.397(a). It appears that the Court of Appeals in *Easley* was upholding the right of the Secretary to assert *res judicata* in such cases in order to prevent the claimant from indefinitely reasserting his claim after expiration of the time allowed to seek review. See Easley v. Finch, supra, at 1353. In the case at bar the hearing examiner did not attempt to preclude the claimant by asserting the doctrine as a bar; instead, the examiner took evidence and reports and made his determination based on the plaintiff's second application. Furthermore, in *Easley* the claimant had had a previous hearing, while in the case at bar the claimant had submitted a prior application but had not had a hearing on that request. For the above reasons, it is the opinion of this court that the decision of this case should focus on the adequacy of the determination made by the hearing examiner on the second application. This in no way, however, prevents the examiner from considering the first application and statements contained therein for the purpose of making his determination.

■ Proceeding on this basis this court finds that the investigation conducted by the hearing examiner was complete and thorough and that he obtained all relevant materials concerning the plaintiff's complaints. Furthermore, this court points out that the Secretary is not obligated to accept as true the claimant's self-serving statements pertaining to his claim. Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1964); Kelley v. Celebrezze, 243 F.Supp. 18 (D.N.J.1965). In light of the fact that the hearing examiner has had the opportunity to observe the claimant's demeanor and to determine credibility, his conclusions on these matters are to be given great weight. Slaughter v. Gardner, 292 F. Supp. 568 (S.D.W.Va.1968); Bailey v. Gardner, 269 F.Supp. 100 (S.D.W.Va. 1967); Smith v. Gardner, 253 F.Supp. 991 (D.S.C.1966).

The standard by which the claimant's disability is to be measured is set forth in Section 223(d) (1) (A) of the Social Security Act. 42 U.S.C.A. § 423(d) (1) (A). That section defines disability as an

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

This statement is further explained and clarified in Section 223(d) (2) of the Act which provides that

> an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means 'work which exists in significant numbers either in the region where such individual lives or in several regions of the country. 42 U.S.C.A. § 423(d) (2)

■■ The claimant has the burden to establish his disability on or before December 31, 1965, the date when he last met the special earnings requirement of the Act. While it seems that the claimant has been unable to work since August of 1966, he has not carried the burden of establishing his disability during the relevant period. Especially significant is the claimant's own statement in his first application for benefits filed in August of 1967 in which he stated that he had been unable to work since October of 1966. Furthermore, this court finds no medical reports or opinion which supports the plaintiff's claim of disability on or before December 31, 1965.

In view of the above reasons and of the evidence and testimony, it is the opinion of this court that the Secretary's denial of benefits to the claimant was proper and was supported by substantial evidence. Therefore, summary judgment is hereby granted for the defendant.